UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES G. DURAN,<br><br>              Petitioner,<br>v.<br><br>DERRAL G. ADAMS, Warden,<br><br>              Respondent. | Case No. 09cv0202-H (BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 7]** |

On February 25, 2009, Petitioner James G. Duran, a state prisoner proceeding *pro se* and *in forma pauperis*, filed the Motion for Appointment of Counsel currently before the Court. Doc. No. 7. Petitioner contends that he requires appointed counsel, pursuant to 28 U.S.C. § 1915(e)(1), because of the difficulty of his case and because of his inability to represent himself in any meaningful way. Id. at 2, 4. Having considered the request submitted by Petitioner and the applicable law, and for the reasons set forth below, Petitioner's Motion for Appointment of Counsel is **DENIED** without prejudice.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. See McClesky v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir.

1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986).  However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); <u>Chaney</u>, 801 F.2d at 1196.  Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary.  <u>See</u> <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition).

The court's discretion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1), may be exercised only under "exceptional circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).[1]  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision."  <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court has reviewed the Petition for Writ of Habeas Corpus submitted by Petitioner in this case [Doc. No. 1] and finds that Petitioner has provided a thorough and clear recitation of his claim and cited appropriate authority.  Thus, the Court finds that Petitioner not only has a sufficient grasp of his claim for habeas relief, but also is

---

[1] The <u>Terrell</u> court cited to 28 U.S.C. § 1915(d), but the legislature subsequently renumbered this section as 28 U.S.C. § 1915(e)(1).

able to articulate that claim adequately without legal assistance.[2]  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").  The Court also finds that while Petitioner has asserted sufficient facts to state a claim for federal habeas relief, he has not established a likelihood of success on the merits.  See Terrell, 935 F.2d at 1017.  Under these circumstances, the Court concludes that this habeas proceeding does not present "exceptional circumstances" justifying the appointment of legal counsel.  Id.  Accordingly, Petitioner's Motion for Assignment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED:  March 6, 2009

_____
BARBARA L. MAJOR
United States Magistrate Judge

---

[2]  Though Petitioner contends he required the assistance of a "jailhouse lawyer" in order to prepare the instant motion and all other papers on file [Pet'r Mot. at 2], the Court notes from the Petition and attached documents that Petitioner has an Associate of Arts Degree and keeps himself abreast of developments in the law.  Pet. at 11 (using Court's CM/ECF numbering) & Ex. B at 51 (using same numbering).  In fact, Petitioner's work reports indicate that he served as a law clerk in the prison law library for over a year.  Pet., Ex. A at 25-27.  This suggests that while Petitioner may well have utilized the assistance of a jailhouse lawyer in preparing his filings, he is able to understand his claim and the law cited.  Moreover, regardless of whether or not he has obtained some assistance, Petitioner has very clearly articulated his claim *pro se*, Terrell, 935 F.2d at 1017, such that this Court can discern both the factual and legal basis for his claim.